Díaz et al., Plaintiffs and Appellants, *v.* Balseiro & Giorgetti et al., Defendants and Appellees.

Appeal from the District Court of Arecibo in an Action of Nullity, etc.

No. 1793.—Decided March 10, 1919.

Partition—Property of Minors—Community Property—Ratification—Estoppel.—After the death of the wife and mother the surviving husband and minor children, joined by the testamentary partitioner, divided the partnership property among themselves, allotting a part of the real property to the widower, who assumed the debts of the conjugal partnership. Subsequently the widower segregated and sold to the defendants a parcel of the land so awarded to him. After all the children had become of age they ratified a lease of the whole property by the widower to the defendants, and this lease recognized the allotment made to the widower and the sale of part of the property to the defendants. *Held:* (1) That this was a ratification by the heirs after they became of age of the voidable partition, which estopped them from maintaining an action to void the allotment to the surviving spouse or the subsequent conveyance made by him to the defendants; (2) that a partition among heirs is an entirety and cannot be annulled in part, citing *Vázquez* v. *Santalís*, 26 P. R. R. 614.

The facts are stated in the opinion.

*Mr. Luis Llorens Torres* for the appellants.

*Messrs. Herminio Díaz Navarro* and *José* and *Manuel Tous Soto* for the appellees.

Mr. Justice Wolf delivered the opinion of the court.

The complainants and defendants have appealed in this case, although the complainants are called the appellants. The said complainants are ten of the heirs of Joaquina Llenza who died testate in 1893. At that time and up to and after the making of the partition deed in this case the said heirs were all minors. In this partition deed there was

an adjudication of 79 acres, a definite portion of a certain piece of property called Higüerito, in settlement to the widower Manuel Díaz Fonseca of his share in the conjugal property and for his assumption, as it appears, of the debts of the said conjugal society. The property Higüerito was composed of 145 and a fraction acres and belonged to the conjugal society, and by the partition deed 79 acres thereof were, as we have said, adjudicated to the said husband and surviving partner. Joaquina Llenza left eleven children. One of them subsequently died and was succeeded by his father, the said Díaz Fonseca, since deceased, and whose heirs are likewise the complainants.

Subsequently to the adjudication in 1895 of the said 79 acres the said Díaz Fonseca carved out 46 acres therefrom and sold them to Balseiro & Giorgetti who in turn sold them to the Plazuela Sugar Company. Balseiro & Giorgetti and the Plazuela Sugar Company are the defendants in this case. The complainants prayed not only the nullity of the adjudication of the 79 acres but sought as well to recover from the defendant the Plazuela Sugar Company the 46 acres so transferred. The appellee and defendants set up, among others, the defenses of confirmation and estoppel and that they were third persons. The district court found that the adjudication of the 79 acres was void, but refused to render a judgment in revendication for the 46 acres partially on the ground that the 46 acres were naturally a part of the property that would have belonged to Díaz Fonseca as part of the conjugal property and also on the theory that the defendants, and especially the Plazuela Sugar Company, were third persons.

Because the heirs were all minors at the time of the said adjudication of 79 acres, and invoking the principle of *Longpré* v. *Díaz,* 237 U. S. 512, the appellants maintain that the said adjudication of 79 acres has no force or value in law,

inasmuch as it involved an alienation of minor's property without the due court proceedings. Incidentally, they urge that a judicial approbation of partition or testamentary pro-- ceedings made after the proceedings were had and minors being involved, is insufficient.

The avowed object of the complaint, interpreted in the light of appellants' brief, is that as the original adjudication to the widower of 79 and a fraction acres was void, the subsequent transfers of 46 specific acres were likewise void. The smaller acreage, it is maintained, was necessarily comprehended in the larger. Except for certain principles of ratification and estoppel, which we shall discuss, if the adjudication of 79 acres was void, so was the transfer of 46 acres, except so far as it could transfer the undivided portion or portions that belonged to the widower independently of the partition deed. We are extremely dubious if, in view of the decision in *Longpré* v. *Díaz, supra,* the appellees could maintain that they were third persons. It sufficiently appeared from the registry that the heirs of Joaquina Llenza were minors at the time of the adjudication of their property to their father. Under the decision in *Longpré* v. *Díaz, supra,* the adjudication of 79 acres to Díaz Fonseca was void at the time it was made and would have continued so if no principles of confirmation or estoppel could be invoked against the said heirs of Joaquina Llenza. Díaz Fonseca was the husband of Joaquina Llenza and the farm from which the 79 acres were separated was conjugal property composed of 145 acres. At the time of his wife's death he had an undivided one-half interest in each and every acre of the said land, subject to the debts. The heirs were all minors and their father made what purported to be an extrajudicial settlement or partition agreement by which the property was divided among them all. The father relinquished the right of usufruct in the part adjudicated to the minor heirs, as-

sumed the debts and was by the said partition settlement adjudicated the 79 acres which we have mentioned. In passing we should say that Joaquina Llenza died testate and in her will directed that there should be no judicial intervention and named a *contador partidor* to make the division, and he actually appeared for that purpose in the partition deed.

In the partition deed a guardian was named for the minor heirs, inasmuch as the father was supposed to have adverse interests. In form the partition deed was a contract among all the heirs and the father, and specific portions of the land were adjudicated to each of the minor heirs. The idea of the partition agreement was that the whole property should be kept intact, but with the right in the widower or any of the children to segregate the part adjudicated to him. The partition deed was duly recorded in the registry of property.

The heirs, then, at any time, in accordance with the law declared in *Longpré* v. *Díaz, supra,* had a complete right to repudiate the so-called partition agreement. The said agreement, however, was an entirety and the heirs could not claim under that partition deed, accepting benefits thereunder, and avoid it at the same time. Under that partition deed the heirs took certain definite portions, free of debts and free of the claim of usufruct which their father had in the portions belonging to them. The question arises whether the heirs have done anything which would amount to a ratification or confirmation of the partition deed.

As set out in the pleadings, one of the heirs alienated the five acres adjudicated to her by the said partition deed. From time to time Balseiro & Giorgetti rented the property Higüerito, or parts of it, from Díaz Fonseca both before and after the transfer of the 46 acres in 1895 consummated in 1901. On April 29, 1910, a contract of lease was made by Díaz Fonseca and his adult children on the one side and

Balseiro & Giorgetti on the other by which the adjudication to the father of the 79 acres as well as the segregation of the 46 acres is recognized. At that time three of the children were still minors, but in 1912 all of the said heirs then of age confirmed the contract of lease previously made. Given the record of the partition deed in favor of the minor heirs and their joining in the contracts of lease to the same defendants, Balseiro & Giorgetti, the proof shows that the heirs, in point of fact, accepted the division made by the partition deed and were in 1912 and before that time in possession of the lands adjudicated to them by the said partition deed. The presumption would be, that they took under the deed and its record even if there had been no specific contracts of lease made by them. We think there was a complete ratification in accordance with sections 1276, 1277, 1278, 1279 and 1280 of the Civil Code. The last-named section says that confirmation purges the contract of all defects which it may have contained from the moment of its execuion, so that the acts of the complainants and appellants have confirmed the partition deed made in 1895.

For the general principles of ratification see *Craig* v. *Van Bebber,* 18 Am. St. Rep. 569, and the notes on pages 699 *et seq.*

The facts we have recited, we think, could be urged as an estoppel, especially as against the adult heirs who suffered so many acts on the part of Balseiro & Giorgetti without so much as a protest. The appellants were also estopped to the same extent to which their father would have been estopped with respect to their paternal inheritance.

Not only is there a confirmation in this case but the only nullity to which the complainants would have been entitled would have been to the whole partition deed as it is an entirety, as we have seen in the case of *Vázquez* v. *Santalís et al.,* 26 D. P. R. 614. The facts of that case, while some-

what stronger than the facts of the one before us, are sufficiently similar to make some of the principles of that case applicable. In this case too, as in that, none of the heirs are offering to re-establish the *status quo* at the time of the death of Joaquina Llenza.

If, now, there should be an attempt to divide the inheritance of Joaquina Llenza, the Plazuela Sugar Company would be entitled to claim anything that Díaz Fonseca might have claimed, and unless these 46 acres were better than any other portion of the property Higüerito, it would have an equitable right to insist that the 46 acres which they now hold should be adjudicated to Díaz Fonseca and in turn to the said Plazuela Sugar Company.

The judgment appealed from of July 24, 1917, should be affirmed in so far as it dismisses the complaint with respect to the revendication of the property of 46 acres set out in the complaint and nullities of the successive transfers thereof to the defendants, Balseiro & Giorgetti and the corporation Plazuela Sugar Company, as well as the nullities of the inscriptions requested, and reversed in so far as the same declares null and without effect the award made to the widower Manuel Díaz Fonseca in the distribution of the estate of Joaquina Llenza Hidalgo with regard to the part belonging to the complainant in ten-elevenths of one-half in common with the widow of the Higüerito property of 145 acres and 3 hundredths.

*Affirmed in part.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.